Argued and submitted October 28, affirmed December 1, 2021

In the Matter of the Compensation of
Melonie Cramer, Claimant.

PRECISION CASTPARTS CORP -
PCC STRUCTURALS,
*Petitioner,*

*v.*

Melonie CRAMER,
*Respondent.*

Workers' Compensation Board
1902199, 1901872; A174551

502 P3d 1189

Employer petitions for judicial review of a final order of the Workers' Compensation Board. Employer asserts that the board applied the wrong standard in its review of the Appellate Review Unit's (ARU) order on reconsideration because the ARU declined to consider the medical arbiter report in its impairment determination, and thus, employer claims, the board should have reviewed for abuse of discretion. Instead, the board made a *de novo* determination of impairment based on the record at reconsideration and the medical arbiter report. *Held*: All relevant authority provides that the board reviews *de novo* upon the entire record, including any arbiter report prepared in the course of the administrative proceedings. Therefore, the board was not required to assess whether the ARU abused its discretion when it declined to consider the arbiter report.

Affirmed.

Rebecca A. Watkins argued the cause for petitioner. Also on the opening brief was Sather, Byerly & Holloway, LLP. Also on the reply brief was SBH Legal.

Julene M. Quinn argued the cause and filed the brief for respondent.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

LAGESEN, P. J.

Affirmed.

## LAGESEN, P. J.

Employer petitions for judicial review of a final order of the Workers' Compensation Board. In that order, the board affirmed an administrative law judge's (ALJ) order which upheld the closure findings in an order on reconsideration by the Appellate Review Unit (ARU) but found that claimant was entitled to 15 percent whole person permanent impairment from a workplace injury to her shoulder. Employer raises two assignments of error, asserting first that the board applied the wrong standard in its review of the ARU's order, and second that the board did not sufficiently support its determinations with substantial evidence and substantial reason. We reject without discussion the substantial evidence and substantial reason challenge. With respect to the board's standard of review, we find no error and affirm.

Some factual background, which we draw from the board's uncontested findings and the procedural record, is necessary for context.[1] In 2018, employer accepted claimant's right shoulder strain as compensable. Over the course of the workers' compensation claim, claimant was treated and evaluated by several doctors. Most relevant to the issue of rating claimant's impairment, claimant was examined by Jones, an independent consulting physician, in September 2018. Jones found claimant's accepted condition to be medically stationary without impairment. However, he also found claimant's range of motion (ROM) to be "variable and fraught with variable effort and variable validity and reliability," possibly because of fear of pain. He concluded that the findings were invalid for rating impairment.

Dr. Kerfoot, claimant's attending physician for purposes of the workers' compensation claim, concurred in Jones's report that claimant was medically stationary but also noted permanent work restrictions. Given the finding that claimant was medically stationary, employer issued a Notice of Closure, declaring claimant medically stationary

---

[1] The board adopted and supplemented the order of the ALJ. In referring to the board's findings, we refer both to the board's supplemental findings and to the findings of the ALJ that the board adopted. Similarly, our references to the board's order include the ALJ's order that the board adopted and supplemented.

as of September 26, 2018, and awarding temporary disability compensation but no permanent whole person impairment or work disability compensation. Claimant requested reconsideration before the ARU.

The ARU selected a medical arbiter panel that examined claimant in February 2019. The arbiters found reduced right shoulder ROM and concluded that claimant was significantly limited in the repetitive use of the right shoulder. The arbiters concluded that the findings were valid for the purpose of rating impairment and attributed the ROM limitation and limitation in the repetitive use of the right shoulder wholly to the accepted right shoulder strain and direct medical sequelae. The initial arbiter report did not declare whether or not the claimant's condition was medically stationary. The arbiters subsequently responded to a request from the ARU, indicating that claimant was not medically stationary at the time of their examination by checking a box that said "No" on the ARU form.

Upon receiving the arbiters' determination that claimant was not medically stationary at the time of their examination, the ARU requested the parties to agree to postponement of the reconsideration process. Claimant's attorney did not agree to postponement. Citing to OAR 436-030-0165(9)(b),[2] the ARU determined that it would not consider the arbiters' evaluation and, instead, that "the claim shall be reviewed based on the record at the time of claim closure." On that record, the ARU found that claimant was medically stationary since September 26, 2018, and that Kerfoot's concurrence with the previous physician's report provided sufficient information to determine the extent of permanent disability without consulting the arbiter report. Further, the ARU found that claimant was not entitled to permanent whole person impairment or work disability compensation. The order modified claimant's temporary disability award, but otherwise affirmed the notice of closure. Claimant requested a hearing.

---

[2] OAR 436-030-0165(9)(b) (Jan 1, 2018) provides that "[i]f deferral is not appropriate, at the director's discretion either a medical arbiter examination or a medical arbiter record review may be obtained, or the director may issue an Order on Reconsideration based on the record available at claim closure and other evidence submitted in accordance with ORS 656.268(6)."

The ALJ determined that the notice of closure was appropriate but that claimant was entitled to 15 percent whole person permanent impairment. The ALJ agreed with the ARU that Kerfoot's concurrence was reliable to determine closure. In reaching its conclusion on impairment, the ALJ relied on the arbiters' examination, determining that it was more persuasive than the other medical evidence, including Kerfoot's concurrence. Employer appealed the ALJ's order to the board, contending that the impairment findings of Kerfoot (which had ratified the earlier physician's findings) were more accurate, and that the ALJ's whole person impairment award should be reversed.

In its order on review, the board adopted and affirmed the ALJ's order, with supplemental analysis concerning permanent impairment. We write to address employer's contention that the board applied the wrong standard in its review of the ARU's order.

In that assignment of error, employer points out that, because claimant did not agree to the ARU's request to postpone reconsideration until she was medically stationary, the ARU made a discretionary call under OAR 436-030-0165(9) (Jan 2, 2018) to rely only on the record at the time of closure to rate permanent impairment, declining to consider the arbiters' examination. In employer's view, that exercise of discretion means that, in reviewing the ARU's order, the board had to first determine whether the ARU abused its discretion in limiting its review to the record at the time of closure when making its impairment decision.

Employer's contention that the board was required to evaluate whether the ARU abused its discretion fails in the face of statutes and rules that (1) give the ALJ and the board *de novo* review of the ARU's impairment determination on (2) a record that must include any examination by an arbiter.

Regarding the standard of review, as we have recognized, "[r]eview of a disability-extent determination at a hearing before an ALJ and on review before the Board is de novo." *Marvin Wood Products v. Callow*, 171 Or App 175, 180, 14 P3d 686 (2000). That standard follows from the statutes and the board's administrative rule governing the

review process. Under ORS 656.268(6)(g), a party dissatisfied with an ARU reconsideration order is entitled to a hearing before an ALJ under ORS 656.283. At that hearing, the ALJ must make a *de novo* assessment of disability by considering the evidence in the record, in light of the administrative rules adopted by the Director of the Department of Consumer and Business Services: "The Administrative Law Judge shall apply to the hearing of the claim such standards for evaluation of disability as may be adopted by the director pursuant to ORS 656.726." ORS 656.283(6). *See also* OAR 436-001-0225(1)(a) (with few enumerate exceptions, "[t]he administrative law judge reviews all matters within the director's jurisdiction de novo"). If a party appeals an ALJ's order, the board's review is also *de novo*. As with an ALJ's review, "[t]he board shall apply to the review of the claim such standards for the evaluation of disability as may be adopted by the Director of the Department of Consumer and Business Services pursuant to ORS 656.726." ORS 656.295(5). *See also* OAR 438-011-0015(1) (in all cases reviewed by the board pursuant to a request under ORS 656.295, "[r]eview by the Board is de novo upon the entire record."). Said another way, under the relevant statutes, the ALJ and the board do not review the ARU's application of the rules with any sort of deference. Rather, the ALJ and the board apply those rules directly in evaluating the evidence themselves.

As for the record considered by the ALJ on review of the ARU's impairment determinations, ORS 656.283(6) permits either party to "present the reconsideration record at hearing to establish * * * that the standards adopted pursuant to ORS 656.726 for evaluation of the worker's permanent disability were incorrectly applied in the reconsideration order pursuant to ORS 656.268." The same scope of review applies to the board. ORS 656.295(5). Significantly, for purposes of this case, the reconsideration record may necessarily include "any" arbiter report prepared in the course of the administrative proceedings. ORS 656.268 (6)(f) (2017), *amended by* Or Laws 2017, ch 68, § 1. *See also* ORS 656.268(8)(g) (2017) (arbiter report "must be submitted to the director for reconsideration"). Agency rules also allow for new evidence in the course of ALJ and board review.

OAR 436-001-0225(1)(b) (ALJ review); OAR 438-011-0015(1) (board review).

For these reasons, the board was not required to assess whether the ARU abused its discretion when it declined to consider the arbiters' examination when evaluating claimant's impairment. Instead, the board properly relied on the examination in making its own *de novo* determination of impairment.

Affirmed.